**Ruth WEBB, on behalf of Linda Ann and Brenda Jan Metcalf, Minors, Plaintiffs,**

v.

**Wilbur J. COHEN, Secretary of Department of Health, Education and Welfare of the United States, Defendant.**

**Civ. No. 68-569-TC.**

United States District Court
C. D. California.

Dec. 2, 1968.

Wm. Matthew Byrne, Jr., U. S. Atty., for Central District of California, by Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Division, and Herbert M. Schoenberg, Asst. U. S. Atty., Los Angeles, Cal., for plaintiffs.

Launer, Chaffee & Hanna, by Walter G. Howald, Fullerton, Cal., for defendant.

MEMORANDUM OPINION

THURMOND CLARKE, Chief Judge.

This proceeding is for review of an administrative determination disallowing Social Security benefits. Defendant has moved for summary judgment.

The insured wage earner, Ruben M. Webb, died November 5, 1965. His widow, plaintiff Ruth Webb, filed an application for children's benefits in behalf of her minor granddaughters, Linda Ann Metcalf and Brenda Jan Metcalf.

Benefits were denied on the ground the minors were neither children, adopt-

ed children, nor stepchildren of the wage earner.

Plaintiff requested reconsideration on the ground the minors had been equitably adopted by the Webbs. Upon reconsideration, the determination disallowing benefits was affirmed. Plaintiff then requested and obtained a hearing before a hearing examiner.

After hearing the evidence, the examiner concluded the children had not been equitably adopted and benefits consequently must be disallowed.

The Appeals Council of the Social Security Administration denied plaintiff's request for review, and the decision of the examiner became the final decision of the Secretary of Health, Education, and Welfare. The record of proceedings is before the court for review.

The minors were not related to the deceased wage earner, but are the daughters of a son born to Mrs. Webb by a prior marriage. Linda Ann is presently 15 years old; Brenda Jan is 12.

The girls' parents were divorced in 1958. The two minors made their home with Mr. and Mrs. Webb from that year until Mr. Webb's death. Thereafter they continued to reside with Mrs. Webb.

Mrs. Webb, in her testimony before the examiner, made reference to a written adoption agreement between the Webbs and the natural parents. The instrument, however, was not produced in evidence.

Mr. and Mrs. Webb once consulted an attorney with a view toward commencing adoption proceedings; but the older girl became so upset at the prospect of severing the relationship with her parents that the plan was dropped.

A close, warm relationship existed between the Webbs and the minor children. The record is replete with evidence indicating Mr. Webb treated the girls as his daughters rather than as grandchildren or as the grandchildren of his wife.

While much of the evidence before the examiner thus indicates a parent-child type of relationship, there is also evidence to the contrary. The record shows the girls used their natural parents' surname, and that Mr. Webb in his will designated the girls as "my stepson's children."

■ This court is limited in its review of the findings of the Secretary. The court is not permitted to substitute its judgment for that of the Secretary, but must determine only whether his findings are supported by substantial evidence [42 U.S.C. § 405(g)].

■ After reviewing the record of the entire administrative proceeding, the court is constrained to hold that the Secretary's findings are supported by substantial evidence and are conclusive.

Counsel for the Secretary will prepare findings of fact and conclusions of law and judgment accordingly.